[46 NYS3d 671]

In the Matter of ROBERT P. APPLE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 15, 2017

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Fredda Fixler-Fuchs* of counsel), for petitioner.

*Robert P. Apple,* Pawling, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated November 30, 2015, containing two charges of professional misconduct. After a prehearing conference on February 2, 2016 and a hearing on March 30, 2016, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as the Court deems just and proper. The respondent has submitted papers in support of the motion, wherein he asks for the issuance of a private reprimand.

Charge one alleges that the respondent is guilty of engaging in conduct that adversely reflects on his fitness as a lawyer in that he committed an alcohol-related offense, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On November 26, 2009, the respondent was arrested in the Town of North East, Dutchess County, and charged with (1) operating a motor vehicle while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2-a) and (3), an unclassified misdemeanor; and (2) following too closely, in violation of Vehicle and Traffic Law § 1129 (a), a traffic infraction. On or about February 22, 2010, the respondent pleaded guilty in the North East Town Court, Criminal Part, Dutchess County, to driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor, in satisfaction of the charges. On the same date, he was sentenced to a conditional discharge and directed to pay a $500 fine and a surcharge of $400. In addition, his driver's license was revoked for six months.

Charge two alleges that the respondent is guilty of engaging in conduct that adversely reflects on his fitness as a lawyer in that he committed an alcohol-related offense, in violation of rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On October 12, 2012, the respondent was

arrested in the Town of Pawling, Dutchess County, and charged with operating a motor vehicle while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor. On or about April 13, 2015, the respondent pleaded guilty in the North East Town Court, Criminal Part, Dutchess County, to driving while intoxicated, an unclassified misdemeanor. On the same date, he was sentenced to a conditional discharge and directed to pay a $1,000 fine and a surcharge of $400.

Based on the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In view of the mitigation advanced, including the absence of any prior disciplinary history, the respondent's remorse, the steps taken by the respondent to rehabilitate himself and maintain sobriety, and the various speaking engagements he has undertaken to help other recovering alcoholics, we conclude that the appropriate measure of discipline is a public censure.

Eng, P.J., Rivera, Dillon, Balkin and LaSalle, JJ., concur.

Ordered that the petitioner's motion to confirm the report of Special Referee is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.